1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    JENNIFER ANN DONOVAN,                      Case No.  14-cv-00680-CRB   (KAW)

              Plaintiff,
8
                                                **ORDER REGARDING JOINT LETTER**
9         v.
                                                Re: Dkt. No. 44
10   J. A. PHILLIPS,

11              Defendant.

12

13         The parties to this § 1983 case dispute whether Jennifer Ann Donovan ("Plaintiff") is

14   entitled to production of all documents relating to citizen complaints against California Highway

15   Patrol ("CHP") Officer Joshua Phillips ("Defendant").  (Joint Ltr. at 1, Ex. 1 at 3, Dkt. No. 44.)

16   Plaintiff maintains that the materials may be produced subject to a protective order that would

17   address any concerns surrounding their disclosure.  *(Id.)*  Defendant contends that the official

18   information privilege protects the documents from disclosure.  *(Id.* at 1, 7.)  The Court disagrees.

19         Federal common law governs issues of privilege that arise in § 1983 cases.  *Kelly v. City of*

20   *San Jose*, 114 F.R.D. 653, 655 (N.D. Cal. 1987).  That body of law recognizes the official

21   information privilege, which protects certain materials, including confidential information

22   contained in law enforcement files, from disclosure.  *See id.* at 668.

23         Before the Court balances the interest of the party seeking discovery against the interests of

24   the governmental entity asserting the privilege, the party invoking the privilege must make a

25   "substantial threshold showing" by affidavit or declaration.  *Soto v. City of Concord*, 162 F.R.D.

26   603, 621 (N.D. Cal. 1995) (internal quotations and citation omitted).  The affidavit or declaration

27   must include:

28         (1) an affirmation that the agency generated or collected the material at issue and has in

fact maintained its confidentiality . . . ; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to the plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests; and (5) a projection of how much harm would be done to the threatened interests if the disclosure were made.

*Kelly*, 114 F.R.D. at 670.  If the party asserting the privilege fails to make this threshold showing, disclosure of the purportedly privileged materials is appropriate.  *Soto*, 162 F.R.D. at 613; *Kelly*, 114 F.R.D. at 670.  In that case, the court need not proceed to balancing the parties' competing interests.  *See Soto*, 162 F.R.D. at 613 n.4.

To support his assertion of the official information privilege, Defendant offers the declaration of Lieutenant Jeff Rhea, the custodian of personnel records at CHP's Rohnert Park Area Office.  (Joint Ltr., Ex. 3.)  The relevant portion of the declaration reads:

> 3.    Among other documents and items, Plaintiff's request for production of documents seeks "all DOCUMENTS relating to citizen complaints against Officer J.A. Phillips." I have personally reviewed the personnel records for Officer Phillips, and more specifically the complaint history for this officer, and I believe the content of his files is considered highly confidential by the CHP. Personnel records, and more specifically the complaint histories, if any, are maintained by the CHP in a segregated file that is completely confidential.

> 4.    The CHP maintains records regarding complaint investigations as confidential and privileged in order to protect officers' privacy rights because documents related to these investigations can include officers' personal information, the disclosure of which may jeopardize the safety of those officers and their families. In addition, the assignments, performance evaluations and internal investigations of citizen complaints should not be disclosed because they are conducted with the understanding of confidentiality by all civilian witnesses and CHP employees, and the disclosure of said documents could affect third parties' privacy rights.  Disclosure to the public could also have an effect on the morale of CHP employees and their honesty and cooperation in future internal investigations. Likewise, the evaluations and opinions of the CHP reviewers investigators [*sic*] are confidential and covered under the previously claimed privileges.

> 5.    In my capacity as the Custodian of Records for personnel records at the Rohnert Park Area Office, I assert the privilege of confidentiality of personal information in peace officer personnel files pursuant to the federal Official Information Privilege. To the extent that state law applies, I also assert applicable state law privileges. (Cal. Penal Code, § 832.7; Cal. Evid. Code, § 1040(b)(2); Cal. Govt. Code,§ 3300 *et seq.* "Peace Officer Bill of Rights"; Cal. Govt. Code,§ 6254 "records exempt from disclosure"; and Cal. Civ. Code, § 1798 et seq.)

*(Id.)*

United States District Court
Northern District of California

As Plaintiff points out, the declaration does not address elements four and five of the threshold test.  That is, it does not address how disclosure subject to a carefully crafted protective order would create a substantial of risk of harm to significant governmental or privacy interests, and it does not include a projection of how much harm would be done to the threatened interest if disclosure were made.  (*See* Joint Ltr., Ex. 3.)  Nor does Defendant address these elements in his portion of the joint letter.[1]  Instead, he merely "submits that he has met his threshold burden and respectfully requests [that] the Court conduct an in camera inspection of documents responsive to the document request in dispute, if any such documents exist."  (Joint Ltr. at 8 (footnote omitted)).

Equally unavailing is Defendant's assertion that Plaintiff's request for production "constitutes the opening of his confidential personnel file to the plaintiff for a general search which could reach well beyond the legitimate inquiries necessary to this litigation and would impact disciplinary procedures within the department."  (*See id.* at 7.)  Plaintiff's request for production is not for every document in this personnel file but for "all documents relating to citizen complaints" against him.  (*See* Joint Ltr., Ex. 1 at 3.)  This would make for very a focused search of that file, not the more general search Defendant is concerned about.  Additionally, it is unclear how Plaintiff's request for production would impact disciplinary procedures within the department, and, without more from Defendant, the Court cannot assume that any potential impact justifies nondisclosure in this case.  *See Soto*, 162 F.R.D. at 616 ("Defendants' general assertion of harm to their internal investigatory system does not meet the *Kelly* threshold test for invoking the official information privilege.");  *Kelly*, 114 F.R.D. at 669 (Courts cannot conduct the proper analysis "unless the party invoking the privilege provides the court with *specific* information about how the disclosure of the subject material, in the situation presented by the case at hand, would

---

[1] The Court does not understand why Defendant has not addressed these elements in his portion of the joint letter since the parties were previously ordered, as part of their meet and confer efforts, to consider whether this District's Model Stipulated Protective Order for Standard Litigation would help facilitate production of the materials at issue.  Nov. 12, 2014 Order, Dkt. No. 42.  Plaintiff represents that when she proposed such a protective order, Defendant responded that "a protective order was insufficient."  Joint Ltr. at 3.  In the joint letter, Defendant has not justified that position.

harm significant law enforcement or privacy interests.") (emphasis in original); *Miller*, 141 F.R.D. at 292 ("[A] general claim of harm is insufficient to overcome the burden placed on the party resisting disclosure.").  Here, then, the Court cannot find that the official information privilege shields the documents at issue from disclosure.  *See Kelly*, 114 F.R.D. at 671 ("If the court concludes, based on this review, that defendant's submissions are not sufficient to meet its threshold burdens, the court will order disclosure of the material.").

Accordingly, the parties are to enter into a stipulated protective order within 7 days of this order.  The District's Model Stipulated Protective Order for Standard Litigation is available at http://www.cand.uscourts.gov/model-protective-orders.  Defendant shall produce all documents relating to citizen complaints against Defendant within 7 days of the Court's entry of the stipulated protective order.

**IT IS SO ORDERED**.

Dated:  12/10/14

_____
KANDIS A. WESTMORE
United States Magistrate Judge

4